## PENNSYLVANIA v. ANDREW SULLIVAN.

TOGETHER with the indictment for a rape, another indictment was preferred and found for a burglary, on 19th *June*, 1793, in breaking and entering the houfe of *Alexander Sutherland*, and *committing a rape on Sarah Sutherland*. The rape laid here as *committed*, is the fame of which the prifoner had been juft before acquitted; and there was no count laying the burglary as breaking and entering with *intent* to commit a rape; Mr. *Bradford*, however, agreed with Mr. *Rofs*, that this cafe fhould be tried by the fame jury, which tried the preceding; and the prifoner was acquitted.

---

## JACOB NESSLY v. ANDREW SWEARINGEN.

THIS was an action of covenant on articles to convey land.

*Swearingen* had purchafed 500 acres of land from *David Shepherd*, and fold it to *Nefsly*, who had alfo purchafed from *Shepherd* 900 acres of land, adjoining the firft. *Shepherd* conveyed 1000 acres to *Nefsly*, telling him that 500 of thefe were on *Swearingen's* account.— *Shepherd* had not title to more than 1000 acres. *David Shepherd* being produced as a witnefs, was objected to, as interefted.

PRESIDENT. If the plaintiff fucceed, the defendant will fue *Shepherd*, on his contract to convey to him. If the defendant fucceed, the plaintiff will fue *Shepherd*, on his contract to convey to him. Thus being equally bound to both, he ftands as indifferent between them, as if bound to neither, and is a competent witnefs.

The opinion of the court was delivered to the jury in favour of the defendant; and the plaintiff then fuffered a nonfuit.